# NO. 12-09-00349-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARLOS WAYNE TORREZ,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Carlos Wayne Torrez appeals his conviction for assault. Appellant's counsel has filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

Appellant pleaded guilty to the offense of assault.[1] As charged, the offense was a third degree felony because the grand jury alleged that Appellant knew the victim of the assault was a public servant and that the assault occurred while the public servant was discharging an official duty.[2] The grand jury also alleged that Appellant had twice before been convicted of a felony, that both felony convictions were final before he committed this felony, and that one of the prior felony convictions was final before the commission of the other prior felony. This enhancement, if

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Vernon Supp. 2009).

[2] *See id*.

1

found to be true, would enhance the sentencing range to a maximum of life in prison and a minimum of imprisonment for twenty–five years.[3]

As part of a plea agreement, Appellant agreed to plead guilty as charged, to admit that the enhancement paragraphs were true, and to admit that he was guilty of assaulting another public servant. The State agreed not to seek to cumulate this sentence with that of another case for which he had already been sentenced to prison and not to seek a conviction on the other assault charge.[4]

The trial court accepted Appellant's plea of guilty and his plea of true to the sentencing enhancements. Following a sentencing hearing, the trial court assessed a sentence of life in prison. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal. *See In re Schulman*, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be

---

[3] *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2009).

[4] The State agreed to allow Appellant's admission of the other criminal charge to be taken into consideration in the sentence to be assessed in this case. *See* TEX. PENAL CODE ANN. § 12.45 (Vernon 2003).

plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.   *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.   Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review.   *See In re Schulman*, 252 S.W.3d at 408 n.22.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case.   *See* TEX. R. APP. P. 68.3.   Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.   *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered July 21, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)